IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLANGE CHADDA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-4847 |
| THE BOARD OF ELECTIONS, et al. | : | |

**MEMORANDUM AND ORDER**

The Complaint in this case was filed on October 31, 2006, together with a "Notice of Motion Ex Parte and Motion Ex Parte to Stop the Elections of the Senate Race and Delay for Sixty Days and Putting Independent Candidate on the Ballot." The Plaintiff, representing herself pro se, alleges in her Complaint that U.S. Senatorial candidate "Bob Casey Democrat" has violated the Federal Code of Elections through criminal acts and the board of elections has "ignored the ordeal," candidate Casey deserves to be disqualified and this Court should postpone the election. Plaintiff implies that this Court should substitute Plaintiff as a candidate for Defendant Casey. The Complaint does not specifically assert a basis for jurisdiction, but the Court will assume that the Plaintiff is claiming a violation of the Federal Civil Rights laws.

Because the Complaint seeks relief regarding the upcoming U.S. Senatorial elections scheduled for November 6, 2006, the Court promptly scheduled a hearing, which took place on November 2, 2006. Plaintiff appeared at that time and asserted that she had provided notice of the hearing to the Defendants.

The Plaintiff did not have witnesses to present at the hearing. She handed up to the Court a number of documents, which the Court reviewed and found to be either inadmissible hearsay or

completely non-probative.

This Court concludes that the Plaintiff's Motion should be treated as a Motion for Temporary Restraining Order. Federal Rule of Civil Procedure 65(b) provides that a "temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if ... it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). The requirements for a temporary restraining order are the same as those for a preliminary injunction. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). Specifically, an applicant must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in greater harm to the other party; and (4) that granting relief will be in the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

The Court finds that Plaintiff has failed to meet the requirements for a temporary restraining order, has failed to meet the requirements for a preliminary injunction, there are doubts as to whether the Defendants have been appropriately served with process, there are doubts as to the basis of the Court's jurisdiction, and it appears that the Court is without power to grant Plaintiff the relief which she seeks or that the Plaintiff has any evidence to support the Court granting such relief.

For all these reasons, Plaintiff's Motion (Doc. No. 2) will be DENIED and the Complaint will be DISMISSED.

BY THE COURT:

Date:   11/2/06                             s/Michael M. Baylson
                                            Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4847 Chadda v. Board of Elections\Chadda v. Board of Elections - Memo & Order 11-2-06.wpd